UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD C. PHILLIPS, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 2:11-cv-01916-LSC |
| ] | |
| JEFFERSON COUNTY ] | |
| HOUSING AUTHORITY, ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration Defendant's motion to dismiss Plaintiff's Amended Complaint.  (Doc. 1, Ex. 2.)  Plaintiff Richard C. Phillips sued the defendant, Jefferson County Housing Authority, for "discrimination" in violation of 42 U.S.C. § 1983, as well as slander, defamation, and tortious interference with his business under Alabama state law.  Defendant has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim.  The motion to dismiss has been briefed by both parties and is ripe for decision.  Upon full consideration and for the reasons that follow, Defendant's motion will be granted.

II.     Background.

Plaintiff owns rental properties in Jefferson County, Alabama. Defendant Jefferson County Housing Authority is a public housing agency ("PHA"). Plaintiff owns at least two rental properties that are currently rented through a program administered by the Defendant under the Section 8 Housing Choice Voucher Program ("Section 8"). Plaintiff also owns other rental properties rented through other PHAs under Section 8. According to Plaintiff, Defendant failed to approve one of his rental properties for a prospective renter approximately two years ago. When Plaintiff inquired why his property was not approved, Defendant refused to give an explanation.

On or around October 7, 2010, Plaintiff assisted a prospective renter with completing a lease agreement. The renter took the agreement to Defendant for approval, and Defendant would not approve Plaintiff's property for rent. When Plaintiff inquired about the rejection, Defendant again refused to give a reason. Plaintiff contends that he has complied with all statutory requirements and provisions for renting his properties under Section 8. He argues that his participation in the Section 8 program has never been revoked. He maintains that he has passed all inspections and timely corrected all deficiencies.

III.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, *Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations,

---

[1] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52).

However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

IV.  Discussion.

42 U.S.C. § 1983 ("§ 1983") provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right

privilege, or immunity protected by the Constitution or laws of the United States." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985)). Section 1983, alone, does not create any substantive rights. *Id.* Plaintiff does not identify in his Amended Complaint any deprivations of constitutional or federal law. This, alone, merits dismissal.

Nonetheless, Defendant has shown that Plaintiff does not have a legally protected liberty or property interest to participate in the Section 8 program and have his property approved for rent. *See, e.g.*, *Khan v. Bland*, 630 F.3d 519, 522 (7th Cir. 2010) ("[A landlord] does not have a property right in his expectancy to enter into new contracts under the Section 8 program. He has not pointed to any provision of the HAP contract, federal law, or state law that would entitle him to continued participation in the program, and the relevant regulations state that owners/landlords are not entitled to continued participation."); *Selma Hous. Dev. Corp. v. Selma Hous. Auth.*, 2005 WL 1981290 at *6 (S.D. Ala. 2005) ("[The landlord] does not identify any provision of contract, federal law or state law that would in any way limit [the PHA's] discretion in determining whether or not to renew the HAP Contr[a]cts."). Accordingly, Plaintiff has not alleged a procedural due process claim. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ("In this circuit, a § 1983 claim alleging

a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."). Plaintiff does not dispute Defendant's showing.

Instead, Plaintiff crafts an argument in his response memorandum that he has been discriminated against in violation of the Equal Protection Clause. (Doc. 7 at 7-9.) "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quotations omitted). Therefore, in order to have a viable claim for deprivation of equal protection rights, a plaintiff "must allege, and ultimately prove, intentional or purposeful discrimination." *Kunkler v. Fort Lauderdale Housing Auth.*, 764 F. Supp. 171, (S.D. Fla. 1991) (citing *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977)). Plaintiff does not allege any facts in the Amended Complaint to support intentional or discriminatory purpose. In fact, Plaintiff alleges that he has two properties that are "currently rented through the supervision, oversight and approval of the Defendant . . . [. They] were approved and rented years

before the incident and remain rented via the Section 8 Housing Choice Voucher Program within the Defendant's area of oversight, supervision, and administration." (Amended Compl. ¶ 21.)  Without mention of the Equal Protection Clause or any facts to support a violation of that provision, Plaintiff fails to state a claim under § 1983.

A district court may decline to exercise jurisdiction over state law causes of action if "the district court has dismissed all claims over which it had original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Because this Court has concluded that Plaintiff's Amended Complaint does not state a claim under § 1983, the Court declines to exercise jurisdiction over Plaintiff's state law claims.

IV.   Conclusion.

For the reasons outlined above, Defendant's motion to dismiss is GRANTED. A separate order will be entered.

Done this <u>19th</u> day of <u>March 2012</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297